**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JOSE RODRIGUEZ, on behalf of himself**
**and those similarly situated,**

           **Plaintiff,**

**-vs-**                                                   **Case No. 6:07-cv-160-Orl-22DAB**

**SAWYER PROPERTY MANAGEMENT**
**OF FLORIDA, LLC,**

           **Defendant.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration following a fairness hearing in this Fair Labor Standards Act case. In accordance with prior Order, the parties have filed a copy of the Settlement Agreement (Doc. No. 33). The Court **respectfully recommends** that the settlement (but not the settlement agreement) be **approved** and the case be dismissed.

In considering settlement of a Fair Labor Standards Act ("FLSA") claim, the Court is to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for

fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed.1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

A Settlement Fairness Hearing was held with counsel for both parties participating. Counsel appeared and indicated that Plaintiff understood and accepted the settlement. Based on the representations of counsel at the hearing and in papers filed, Plaintiff sought overtime compensation for the period of time he was employed as a maintenance supervisor. Defendant disputed Plaintiff's entitlement to any overtime and contended that Plaintiff was an exempt employee. Plaintiff's counsel notes that although styled as a collective action, no other employees have come forward to make a similar claim.

In view of the foregoing, the parties agreed to settle the matter for a total of $9,500.00; with Plaintiff to receive a total of $3,000.00 (less applicable withholding and taxes), and counsel to receive $6,500.00 in fees and costs. While the attorney's fee is significantly higher than awards usually approved by this Court for similar cases, counsel represented at hearing that this fee is reasonable.

As Plaintiff represents that he is "receiving 100% of all amounts that could possibly be due to him[1] in the claims filed in this case" (Doc. No. 33), the settlement appears to be in his best interest and, if Defendants agree to pay such a significant attorney's fee, there does not appear to be any harm to Plaintiff in letting them do so. Absent objection by any party, the Court finds the settlement to Plaintiff to be reasonable and fair, under the circumstances of this case. In so finding, however, the Court specifically notes that the Settlement Agreement contains terms which appear to be internally inconsistent (compare paragraph 1(c) which provides payment for attorney's fees and costs, with paragraph 3, entitled "waiver of costs and attorney's fees") or otherwise likely unenforceable (the Confidentiality provision is waived by the filing of the Settlement Agreement in the public record). For this reason, it is **recommended** that the settlement terms, as outlined above, be **APPROVED** by the Court as a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues, but that the Court does not and need not approve all other terms of the Settlement Agreement.

As no other employees have come forward to join the suit, if this recommendation is adopted by the Court, the Clerk is directed to dismiss the action and close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 14, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

---

[1] The amount is less than originally estimated by Plaintiff in his interrogatory answers, based on analysis of his actual time records and his change of jobs.

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy